**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**SAMANTHA MAE ELMORE,** *Mother*,
**ROBERT WILLIAM ELMORE,** *Father*,

      **Plaintiffs,**

**vs.**                         **CIVIL ACTION NO. 2:24-CV-00068**

**JUDGE BLAKE, JR.,**
**MEGAN MAYNOR,**
*Child Protection Service Caseworker*,

      **Defendants.**

**<u>PROPOSED FINDINGS AND RECOMMENDATION</u>**

      Pending before this Court is the Plaintiffs' Application to Proceed Without Prepayment of Fees and Costs, filed on February 9, 2024. (ECF No. 1) By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

---

[1] Because the Plaintiffs are proceeding *pro se*, the documents they filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972). Although the Plaintiffs also indicate having a California-based attorney, "Law Offices of Vincent W. Davis", they indicate "He said he won't sign anything[.]" (See ECF No. 2 at 5) While a quick internet search indicates there is such a law practice located in Arcadia, California, there is no indication that those offices practice law in West Virginia, is an active member of the West Virginia State bar, or permitted to practice before this Court. See https://vincentwdavis.com (last visited on February 14, 2024)

## FACTUAL BACKGROUND

The Plaintiffs filed their form copy "Complaint for a Civil Case" February 9, 2024 (ECF No. 2). The Plaintiffs indicate the basis for this Court's jurisdiction is a federal question, including: "due process"; "parent pairments" [*sic*]; "4th Amendment + warrant requirement"; "American [D]isability Act"; and "perjury under oath".[2] The Plaintiffs name Defendants Judge Blake, Family Court Judge[3], of Fayetteville, West Virginia and Megan Maynor, Social Worker, of the Department of Health and Human Resources, of Oak Hill, Fayette County, West Virginia. The Plaintiffs indicate that the Defendant Judge "violated my rights [as] a parent" and "told me to forget that I was a parent to my children" and "I had a disability and I was in special education" and the Defendant Judge "said I wasn't able to take care of kids [due] to I had a IEP 100K paid to me." The Plaintiffs allege that "[t]hey came in my house without a warrant . . . and helped thereself [*sic*] on my property." The Plaintiffs indicate that "a motion 388 filed" as well. For relief, the Plaintiffs ask, "that all official [*sic*] is put on leave without pay and justice will be served for my children".

## THE STANDARD

Because the Plaintiffs applied to proceed without prepayment of the Court's filing fees and costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim

---

[2] The Plaintiffs also indicate an ostensible "Freedom of Information Act" violation due to "Judge told me to forget that I gave birth due process" (See ECF No. 2 at 4, ¶ 3), but the undersigned is at a loss as to how this triggers this Court's jurisdiction, let alone how to interpret this allegation.

[3] The undersigned notes the Plaintiffs intended to name Judge Paul M. Blake, Jr. as one of the Defendants herein, who currently serves as a Circuit Court Judge for Fayette County, the Twelfth Judicial Circuit of West Virginia.

upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id</u>., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." <u>Id</u>., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); <u>Coleman v. Peyton</u>, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972), *quoting* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[4], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Miller v. Jack</u>, 2007 WL 2050409, at *3 (N.D.W. Va. 2007)(citing <u>Gordon</u>

---

[4] <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (1978).

v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

Lack of Subject Matter Jurisdiction:

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[5]

---

[5] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

  (1) citizens of different states;

  (2) citizens of a State and citizens or subjects of a foreign state;

First, while the Plaintiffs Complaint raised a question of "federal law" to invoke jurisdiction under Section 1331, it is notable that the Plaintiffs also assert federal court jurisdiction pursuant to Section 1332, diversity of citizenship, as they are Pennsylvania residents, and assert an amount in controversy of $656,175,00 (See ECF No. 2-2).[6] Regardless, the Court cannot consider the Plaintiffs claims even under its supplemental jurisdiction because they have failed to state any other claim for which relief can be granted over which the Court has original jurisdiction for the reasons set forth, *infra*.[7]

Rule 8 of the Federal Rules of Civil Procedure:

The Plaintiffs is required to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

    (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

---

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

[6] The Plaintiffs have checked multiple boxes on the "Civil Cover Sheet" indicating that the nature of their claims involve: "personal injury", "other personal injury", "other fraud", "Amer. w/Disabilities – Other", "civil rights", as well as "civil detainee – conditions of confinement." (ECF No. 2-2) Because the Plaintiffs fail to provide any factual support for these claims, the undersigned declines to explore them, given the apparent true nature of the underlying controversy involves an abuse and neglect proceeding in the Circuit Court of Fayette County, West Virginia.

[7] The District Court has supplemental jurisdiction over State law claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." United Mineworkers of America v. Gibbs, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (citation omitted).

In this case, the Plaintiffs' claims do not comply with Rule 8(a) for failing to allege sufficient facts and circumstances showing entitlement to relief. After having liberally reviewed the Plaintiffs' allegations, it appears that they are suing an agent of the Child Protective Services division of the West Virginia Department of Health and Human Resources as well as a Circuit Court Judge involved in an abuse and neglect proceeding[8] in the Circuit Court of Fayette County, West Virginia. There is no indication that the civil proceedings have concluded or remain pending. Instead, the Plaintiffs only provide "naked assertion[s]" which are verboten pursuant to the jurisprudence espoused under <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. <u>Id</u>. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." <u>Id</u>. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. at 556. In this case, the Plaintiffs fail to allege sufficient actual support for the misconduct by either Defendant entitling them to relief, and their Complaint  is not salvageable even if permitted to amend them in the spirit of <u>Denton v. Hernandez</u>, *supra*.

Regarding Defendant Maynor, the undersigned finds that the Plaintiffs provide no factual details as to her alleged wrongdoing, and only specious allegations involving Defendant Judge

---

[8] Pursuant to W. Va. Code § 49-4-601, *et seq*.

Blake. In any event, the claims here simply fail to satisfy Rule 8 general pleading standards, even under the most liberal construction.

<u>Younger-Abstention Doctrine:</u>

Based on the Plaintiffs' own allegations that their children were removed from their home, and given the respective titles of the named Defendants, clearly, the proceedings involved a State court abuse and neglect proceeding. Accordingly, this Court should abstain from exercising subject matter jurisdiction over these claims based upon the <u>Younger</u>-abstention doctrine. See <u>Younger v. Harris</u>, 401 U.S. 37 (1971). "Under the <u>Younger</u>-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." <u>Hawaii Housing Auth. v. Midkiff</u>, 467 U.S. 229, 237-238 (1984).

The Fourth Circuit has recognized that "<u>Younger</u> abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates an important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." <u>Employers Resource Management Co., Inc. v. Shannon</u>, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094, (1996). A court should disregard <u>Younger's</u> mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." <u>Nivens v. Gilchrist</u>, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of <u>Younger</u> abstention by setting forth more than mere allegations of bad faith or harassment." <u>Phelps v. Hamilton</u>, 122 F.3d 885, 890 (10th Cir. 1997).

The <u>Younger</u> abstention has been extended to civil litigation brought by the state to vindicate its policies. <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 604–05, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); <u>Trainor v. Hernandez</u>, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); <u>Moore v. Sims</u>, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). This includes child-welfare and child-custody proceedings. <u>Moore</u>, 442 U.S. at 423, 99 S.Ct. 2371 (applying <u>Younger</u> to state-initiated custody litigation).

The undersigned finds that the <u>Younger</u> abstention doctrine may apply in the instant case, as there is no indication from Plaintiff's claims that the State-initiated proceedings have concluded. Further, the Plaintiffs provide no grounds that support any of the enumerated <u>Nivens</u> exceptions to the <u>Younger</u> mandate: they fail to show improper prosecution against them in State court, or provide facts supporting a claim for *unreasonable* harassment that comports with the bad faith exception – the Plaintiffs merely rely on conclusory allegations which warrants dismissal.

<u>Domestic Relations Exception:</u>

Alternatively, the undersigned finds that the "domestic relations exception" to federal jurisdiction may also apply to the Plaintiffs' claims to the extent that they are essentially asking this Court to invalidate a State court's order regarding the removal of their children from their home, i.e., a child custody decree. <u>See</u> <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); <u>Barber v. Barber</u>, 62 U.S. 582, 1858 WL 9327, 16 L.Ed. 226 (1858). In <u>Ankenbrandt</u>, the Supreme Court held that "the domestic relations exception, as articulated by this Court since *Barber*, divests the federal court of power to issue divorce, alimony, and child custody decrees." <u>Ankenbrandt</u>, 504 U.S. at 703-704, 112 S.Ct. at 2215. The Supreme Court explained as follows:

> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not

> infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sentence to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

Id. As stated *supra*, the Plaintiffs take issue with having their children removed from their home, ostensibly due to a Fayette County Circuit Court order commanding same. Although they raise claims of "due process" and violation of parental rights, they are in essence asking this Court to invalidate a State court order.[9] Accordingly, the undersigned recommends that the District Court invoke the domestic exception and dismiss the case for lack of subject matter jurisdiction.

Legal Immunities:

As stated above, the Plaintiffs' *de minimis* factual allegations against these Defendants fail to state a claim against them upon which relief can be granted. Additionally, it would appear that these Defendants also enjoy at least qualified immunity from the Plaintiffs' claims. Qualified immunity shields public officials from personal liability for performance of their official duties, provided that they do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727,

---

[9] Indeed, to the extent the Plaintiffs attempt to appeal the State court decision to remove their children from their home, such attempts are preluded under the Rooker-Feldman doctrine: lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923)); also see Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 191, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")). The Fourth Circuit has explained that "the Rooker-Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006). As noted before, there is no indication the Plaintiffs have appealed any Fayette Circuit Court decision to the West Virginia Supreme Court of Appeals.

73 L.Ed.2d 396 (1982). A court considers whether the rights allegedly violated by the public official were clearly established at the time of the challenged conduct, Mitchell v. Forsyth, 472 U.S. 511, 528, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and whether such conduct was objectively reasonable. Harlow, 457 U.S. at 818, 102 S.Ct. 2727. "As such, if there is a 'legitimate question' as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity." Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994) (citing Tarantino v. Baker, 825 F.2d 772, 775 (4th Cir. 1987)), *cert. denied sub nom.* Wiley v. Mayor of Baltimore, 516 U.S. 824, 116 S.Ct. 89, 133 L.Ed.2d 45 (1995). The Fourth Circuit has held that social workers may assert qualified immunity in appropriate circumstances. See Hodge v. Jones, 31 F.3d 157, 162 (4th Cir. 1994) (citing Wildauer v. Frederick County, 993 F.2d 369, 373 (4th Cir. 1993)), *cert. denied*, 513 U.S. 1018, 115 S.Ct. 581, 130 L.Ed.2d 496 (1994).

Though the family unit is a "fundamental precept firmly ensconced in the Constitution and shielded by Due Process", this is "neither absolute nor unqualified." See Hodge, 31 F.3d at 163. Further, it is also known that a state has a legitimate interest in protecting children from abuse and neglect and investigating situations that give rise to abuse and neglect. See Renn v. Garrison, 100 F.3d 344, 349-350 (4th Cir. 1996). The "right to familial integrity is 'amorphous' in many cases" Martin v. Saint Mary's Dept. Social Services, 346 F.3d 502, 506 (4th Cir. 2003) (quoting Hodge, 31 F.3d at 164), "[t]he contours of the right to familial integrity may not be 'sufficiently clear' in certain situations, to be deemed 'clearly established' as required." Id. (citing Renn, 100 F.3d at 349)(internal citations omitted). Therefore, a public official will not be held liable for "bad guesses in gray areas" where parental rights are concerned. Id. (*quoting* Maciariello v. City of Lancaster, 973 F.2d 295, 298 (4th Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S.Ct. 1048, 122 L.E.2d 356 (1993).

As noted *supra*, the Plaintiffs have provided no facts whatsoever against Defendant Maynor: there are no allegations this Defendant engaged in any intentional misconduct, let alone negligent conduct, resulting in the removal of the Plaintiffs' children from their home, assuming the Plaintiffs are asserting a Section 1983 claim against this Defendant. Therefore, their claims fail, and this Defendant is entitled to qualified immunity. See, generally, <u>Martin v. Saint Mary's Dept. Social Services</u>, 346 F.3d 502, 507 (4th Cir. 2003).

Regarding Defendant Judge Blake, it is noted that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in <u>Bradley v. Fisher</u>, 20 L. Ed. 646 (1872)." <u>Imbler v. Patchman</u>, 424 U.S. 409, 419 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); <u>Pressly v. Gregory</u>, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." <u>Jackson v. Houck</u>, 181 Fed.Appx. 372, 372 (4th Cir. 2006) (*quoting* <u>Mireles v. Waco</u>, 502 U.S. 9, 12-13 (1991)). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." <u>Id</u>. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Even given the most liberal of construction of the scant allegations contained in the Complaint, the undersigned finds that Judge Blake is absolutely immune from suit. The Plaintiffs appear to argue that Judge Blake violated their parental rights by removing minor children from their custody. In West Virginia, Circuit Court Judges have jurisdiction over

abuse and neglect proceedings pursuant to W. Va. Code § 49-4-601, *et. seq.* Because judges have absolute immunity for their judicial acts, the Plaintiffs' claims against Judge Blake must be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the District Judge **DENY** the Plaintiffs' Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), **DISMISS** the Plaintiffs' Complaint (ECF No. 2) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of

such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: February 14, 2024.

Omar J. Aboulhosn
United States Magistrate Judge